FILED
2005 Nov-30 AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEAST DIVISION

| | | |
|---|---|---|
| Specialty Matboard Corp.<br>363 Fossett Road<br>Guntersville, AL 35976 | )<br>)<br>) | |
| Plaintiff, | ) | |
| v. | )<br>)<br>) | CV-05-C-2377-NE |
| Premier Diecutting & Manufacturing, Inc., | )<br>)<br>)<br>)<br>) | INJUNCTIVE RELIEF AND COPYRIGHT INFRINGEMENT |
| David Chin, | )<br>)<br>) | |
| Intercraft Company<br>d/b/a The Burnes Group, | )<br>)<br>) | |
| Defendants. | )<br>)<br>) | |

Plaintiff, Specialty Matboard Corp ("Specialty"), for its complaint against Defendants Premier Diecutting & Manufacturing, Inc. d/b/a Premier Mats ("Premier"); David Chin ("Chin"); and Intercraft Company d/b/a The Burnes Group ("Burnes"); alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action for permanent injunctive relief and federal copyright infringement under 17 U.S.C. §§ 101 et seq.

2. Specialty brings this action to prevent the continuing and irreparable harm that Specialty is suffering and will continue to suffer due to Defendants' infringement of the copyright in Specialty's mat brand design.

3. Without Specialty's permission or license, Defendants are reproducing and distributing one of Specialty's original and unique custom mat brand designs on a variety of Defendants' products.

4. Defendants have created a network of affiliates to help them sell a variety of Defendants' infringing products, so that, upon information and belief, unauthorized reproductions of Specialty's mat design have flooded the market.

## **PARTIES**

5. Specialty is a corporation duly organized and existing under the laws of Alabama with its principal place of business located at 363 Fossett Road, Guntersville, AL 35976. Specialty is in the business of manufacturing and selling mat boards.

6. On information and belief, Defendant Premier is an entity organized and existing under the laws of Texas with its principal place of business located at 6100 Conveyor Drive FM 917, Cleburne, TX 76031.

7. On information and belief, Defendant Chin is an individual and principal of Defendant Premier with his principal place of business located at 6100 Conveyor Drive FM 917, Cleburne, TX 76031.

8. On information and belief, Defendant Burnes is a corporation organized and existing under the laws of Texas with its principal place of business located at 9301 Ambergien Blvd., Austin, TX 78729.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331, 1332, and 1338.

10. Personal jurisdiction is proper under Alabama's Long Arm Statute because Defendants regularly do or solicit business in Alabama, and derive revenue from services rendered in Alabama, and on information and belief are selling the infringing goods in Alabama.

11. Personal jurisdiction is proper under the U.S. Constitution because Defendants' business in Alabama qualifies as sufficient minimum

contacts between Defendants and Alabama such that exercise of personal jurisdiction would not offend due process.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because (i) Defendants conduct business in this judicial district and (ii) Defendants' actions have injured Specialty within this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff

13. Specialty is a successful business that designs, creates, manufactures, and sells original copyrighted art print mats.

14. One design sold and manufactured by Specialty is entitled "Stucco Nouveau," (hereinafter referred to as the "Stucco Nouveau" design) (a photograph of the design is attached as Exhibit 1, and photographs of close-up portions of the design are attached as Exhibits 2 and 3).

15. The Stucco Nouveau design at issue is an original work created in 1999 by Specialty's President in the scope of his employment. The Stucco Nouveau design was first published and widely available that same year.

16. The copyright in the Stucco Nouveau design is owned by Specialty, and a federal copyright registration dated June 24, 1999, numbered

#VA 990-397 was issued to Specialty for Stucco Nouveau (a copy of which is attached as Exhibit 4).

17. Specialty's Stucco Nouveau design has been available worldwide to its customers through Specialty's marketing materials, at trade shows and through third parties that have been licensed by Specialty to sell products that incorporate the Stucco Nouveau design.

### Defendants

18. Defendant Premier is in the business of manufacturing and selling mats.

19. On information and belief, Defendant Premier is responsible for reproducing and distributing unauthorized copies of Specialty's Stucco Nouveau design on its mat brands.

20. On information and belief, Defendant Burnes manufactures and incorporates the Stucco Nouveau design on a variety of its products and then sells the products to vendors, distributors, or retailers (a photograph of a product incorporating the design (the "Product") is attached as Exhibit 5, and photographs of close-up portions of the Product are attached as Exhibits 6 and 7). A comparison of Specialty's design (Exhibits 1, 2, and 3) and Defendant Burnes' Product (Exhibits 5, 6, and 7) demonstrates the direct copying of

Specialty's copyrighted design. The pertinent sections of Specialty's design and Defendant Burnes' Product have been marked to demonstrate this direct copying. The portion of the infringing work in Exhibit 6 found between lines A and B is identical to or substantially similar to the corresponding portion of the original design found in Exhibit 2 between corresponding lines A and B. The portion of the infringing work found at the bottom left corner of Exhibit 7 as contained within the two letters "C" and "C," is identical to or substantially similar to the corresponding portion of the original design as shown in Exhibit 3 and contained within the corresponding "Corner" indicated by the corresponding two letters "C" and "C."

21. On information and belief, Defendant Chin is the principal of Premier. He had the right and ability to supervise the infringing activities and in fact did so. He had an obvious and direct financial interest in the infringing activities. He exercised judgment, discretion, and responsibility in the conduct of the infringing activities and further he participated personally in the infringing activities.

22. On information and belief, Defendant Burnes, inter alia, manufactures and distributes picture frames that incorporated Specialty's Stucco

Nouveau design and resold those products to the public, also without permission from Specialty.

23. Defendants have created a network of affiliates who, upon information and belief, have distributed unauthorized copies of Specialty's Stucco Nouveau design.

24. Defendants are liable for copyright infringement as a result of their unauthorized reproduction and/or distribution of the Stucco Nouveau design.

25. Defendants have and continue to willfully infringe Specialty's copyright in its Stucco Nouveau design.

26. Defendants are aware that they are infringing Specialty's copyright.

27. Specialty has informed Defendants that they are not authorized to use Specialty's Stucco Nouveau design in this manner and has asked Defendants to cease and desist from infringing its copyrighted work.

28. Defendants' unauthorized actions have injured Specialty, and Specialty is entitled to Defendants' profits and actual damages.

## COUNT I

(Copyright Infringement by Defendant Premier)

29. Specialty incorporates the prior paragraphs by reference.

30. Specialty's Stucco Nouveau design is an original copyrightable work. Specialty has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the work and has registered its copyright in the work, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

31. Specialty owns all title and interest in the Stucco Nouveau design, which has been reproduced and distributed by Defendant.

32. Defendant Premier is infringing the copyright of Specialty's Stucco Nouveau design by unlawfully reproducing and distributing to the public copies of the Stucco Nouveau design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

33. Defendant Premier's infringement was and is willful, and executed with full knowledge of Specialty's copyright, and in conscious disregard for Specialty's exclusive rights in the protected works.

34. Specialty is entitled to recover Defendant Premier's profits and actual damages in accordance with 17 U.S.C. § 504.

35. Specialty is entitled to recover statutory damges and attorney fees from Defendant Premier in accordance with 17 U.S.C. §504.

36. Defendant Premier's deliberate infringement of Specialty's Stucco Nouveau design has greatly and irreparably damaged Specialty, and Defendant Premier will continue to damage Specialty greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Specialty will have no adequate remedy at law. Accordingly, Specialty is entitled to a final injunction in accordance with 17 U.S.C. § 502.

## COUNT II

(Copyright Infringement by Defendant Chin)

37. Specialty incorporates the prior paragraphs by reference.

38. Specialty's Stucco Nouveau design is an original copyrightable work. Specialty has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the works and has registered its copyright in the work, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

39. Specialty owns all title and interest in the Stucco Nouveau design, which has been reproduced and distributed by Defendant.

40. Defendant Chin is infringing the copyright of Specialty's Stucco Nouveau design by unlawfully reproducing and distributing to the

public copies of the Stucco Nouveau design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

41. Defendant Chin's infringement was and is willful, and executed with full knowledge of Specialty's copyright, and in conscious disregard for Specialty's exclusive rights in the protected works.

42. On information and belief, Defendant Chin is a principal of Premier. He had the right and ability to supervise the infringing activities and in fact did so. He had an obvious and direct financial interest in the infringing activities. He exercised judgment, discretion, and responsibility in the conduct of the infringing activities and further he participated personally in the infringing activities.

43. Specialty is entitled to recover Defendant Chin's profits and actual damages in accordance with 17 U.S.C. § 504.

44. Specialty is entitled to recover statutory damges and attorney fees from Defendant Chin in accordance with 17 U.S.C. §504.

45. Defendant Chin's deliberate infringement of Specialty's Stucco Nouveau design has greatly and irreparably damaged Specialty, and Defendant Chin will continue to damage Specialty greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Specialty will have no adequate remedy at law. Accordingly,

Specialty is entitled to a final injunction in accordance with 17 U.S.C. § 502.

## COUNT III

(Copyright Infringement by Defendant Burnes)

46. Specialty incorporates the prior paragraphs by reference.

47. Specialty's Stucco Nouveau design is an original copyrightable work. Specialty has complied in all respects with 17 U.S.C. § 101, et seq. and secured the exclusive rights in the works and has registered its copyright in the work, when published, with the US Library of Congress's Copyright Office in accordance with its rules and regulations.

48. Specialty owns all title and interest in the Stucco Nouveau design, which has been distributed by Defendant Burnes.

49. Defendant Burnes is infringing the copyright of Specialty's Stucco Nouveau design by unlawfully distributing to the public copies of the Stucco Nouveau design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

50. Defendant Burnes' infringement was and is willful, and executed with full knowledge of Specialty's copyright, and in conscious disregard for Specialty's exclusive rights in the protected works.

51. Specialty is entitled to recover Defendant Burnes' profits and actual damages in accordance with 17 U.S.C. § 504.

52. Specialty is entitled to recover statutory damges and attorney fees from Defendant Burnes in accordance with 17 U.S.C. §504.

53. Defendant Burnes' deliberate infringement of Specialty's Stucco Nouveau design has greatly and irreparably damaged Specialty, and Defendant Burnes will continue to damage Specialty greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Specialty will have no adequate remedy at law. Accordingly, Specialty is entitled to a final injunction in accordance with 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Wherefore, for the reasons set forth above, Specialty prays for judgment on all counts as follows:

1. Judgment in favor of Specialty against Defendants on Counts I, II and III.

2. A Final Order that permanently enjoins Defendants from reproducing and distributing Specialty's Stucco Nouveau design.

3. An Order that requires Defendants to jointly and severally pay actual damages and Defendants' profits.

4. An Order that requires Defendants to jointly and severally pay Specialties costs, attorney fees and Statutory Damages.

5. An Order requiring Defendants to file with this court within 30 days after the entry of final judgment a written statement, under oath, setting forth in detail the manner in which they have complied with the order.

6. An Order granting Specialty such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Specialty requests a trial by jury on all claims so triable.

Respectfully submitted,

_____
Frank M. Caprio
J. Mark Bledsoe
Lanier Ford Shaver & Payne,C.
P.O. Box 2087
Huntsville, AL 35804
Telephone: (256) 535-1100
Facsimile: (256) 533-9322

Counsel for Specialty Matboard Corp.

Date: November 17, 2005